**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**AT TOLEDO**

**MARK WARD,** individually and on behalf of similarly situated persons,

Plaintiff,

**v.**

**MIDLAND FOOD SERVICES, LLC d/b/a PIZZA HUT,**

Defendant.

**Case No. _________**

**Jury Demanded**

**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 AND OHIO MINIMUM WAGE PAYMENT AND COLLECTION LAW AND UNJUST ENRICHMENT / *QUANTUM MERUIT***

Plaintiff Mark Ward ("Plaintiff"), individually and on behalf of all other similarly situated persons, brings this Complaint against Defendant Midland Food Services, LLC d/b/a Pizza Hut and alleges as follows:

1. Defendant operates numerous Pizza Hut's franchise stores. Defendant employs delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant uses a flawed method to determine reimbursement rates that provides such an unreasonably low rate – beneath any reasonable approximation of the expenses that drivers incur – that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

2. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and as a class action under the Ohio Constitution, Ohio

Const. Article II, Section 34a; R. C. 4111.01 *et. seq*. R.C. 4113.15 (collectively and individually, "Ohio Wage Law") and common law to recover unpaid minimum wages and overtime hours owed to him and similarly situated persons employed by Defendant at its Pizza Hut stores.

**Jurisdiction and Venue**

3. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4. Venue in this District is proper under 28 U.S.C. § 1391 because Defendant employed Plaintiff in this District and a substantial part of the events giving rise to the claim herein occurred in this District.

**Parties**

5. Defendant Midland Food Services, LLC is a Foreign Limited Liability Company doing business and registered in the state of Ohio, and may be served via its registered agent, ACFB Incorporated, who may be served at 2300 BP Tower, 200 Public Square, Cleveland, Ohio 44114.

6. Plaintiff Mark Ward was employed by Defendant from February 2019 to August 2019 as a delivery driver at Defendant's Pizza stores located in Tiffin, Ohio and within this District.

**General Allegations**

***Defendant's Business***

7. Defendant owns and operates numerous Pizza Hut's franchise stores including stores within this District and this Division.

8. In this capacity, Defendant Midland Food Services, LLC put the pay scheme at issue in place, has overseen and enforced Defendant's pay practices, and is, therefore, liable for the violations at issue.

9. Defendant's Pizza Hut stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

***Defendant's Flawed Automobile Reimbursement Policy***

10. Defendant requires its delivery drivers to maintain and pay for safe, legally operable, and insured automobiles when delivering pizza and other food items.

11. Defendant's delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendant.

12. Defendant's delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the per-delivery reimbursement equates to below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's delivery drivers.

13. The result of Defendant's delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

14. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $0.545 and $0.58 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $0.5899 and $0.608 per mile during the same period for drivers who drive 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

15. However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and

more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

16. Defendant's reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendant uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

17. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and Defendant's other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

18. Defendant fails to reasonably approximate the amount of their drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum wage requirements.

19. In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

***Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

20. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

21. Plaintiff was paid $5.33 per hour while out on delivery during his employment with Defendant, and $8.50 while in store.

22. The federal minimum wage has been $7.25 per hour since July 24, 2009. The Ohio minimum wage was $8.30 per hour in 2018, and $8.55 per hour in 2019. Ohio Const. Art. II § 34a.

23. During the time Plaintiff has worked for Defendant as a delivery driver, he was not reimbursed per mile and on average drove 8 miles per delivery.

24. During the relevant time period, the IRS business mileage reimbursement rate ranged between $0.545 and $0.58 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the lowest IRS rate ($0.545 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by at least $0.545 per mile.

25. During his employment by Defendant, Plaintiff regularly made 3 or more deliveries per hour. Thus, using even a conservative under-estimate of Plaintiff's actual expenses and damages, every hour on the job decreases Plaintiff's net wages by at least $13.08 per hour ($0.545 per mile x 8 miles per delivery x 3 deliveries per hour).

26. All of Defendant's delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

27. Because Defendant paid its drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

28. While the amount of Defendant's actual reimbursements per delivery may vary over time, Defendant is relying on the same flawed policy and methodology with respect to all delivery drivers at all of its other Pizza Hut stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

29. Defendant's low reimbursement rates were a frequent complaint of Defendant's delivery drivers, which resulted in discussions with management, yet Defendant continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

30. The net effect of Defendant's flawed reimbursement policy is that Defendant has willfully failed to pay the federal minimum wage to its delivery drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

## Class and Collective Action Allegations

31. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated persons pursuant to 29 U.S.C. § 216(b).

32. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

33. Plaintiff, individually and on behalf of other similarly situated persons, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via mail and electronic means.

34. Plaintiff and all of Defendant's delivery drivers are similarly situated in that:

      a. They have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers.

      b. They have delivered pizza and food items using automobiles not owned or maintained by Defendant;

      c. Defendant required them to maintain these automobiles in a safe, legally operable, and insured condition;

      d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

      e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

      f. They were subject to the same pay policies and practices of Defendant;

      g. They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks.

      h. They were reimbursed similar set amounts of automobile expenses per delivery; and,

      i. They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

38. Plaintiff brings Counts II and III as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representatives of the following persons (the "Class"):

> All current and former delivery drivers employed by Defendant since the date 3 years preceding the filing of this Complaint.

35. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

36. The Class satisfies the numerosity standard as it consists of hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

37. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation:

   a. Whether Defendant failed to pay Class members the minimum wage required by Ohio law;

   b. Whether Defendant failed to reasonably reimburse Class members for using their own vehicles to deliver Defendant' pizzas and other food items;

   c. Whether Defendant's formula and / or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the Class members; and

   d. Whether Defendant failed to keep accurate records of deductions from Class members' wages in violation of Ohio law.

38. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

39. Plaintiff's claim is typical of those of the Class in that:

   a. Plaintiff and the Class have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant' customers;

   b. Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendant;

   c. Defendant required Plaintiff and the Class to maintain these automobiles in a safe, legally operable, and insured condition;

   d. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

   e. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

   f. Plaintiff and the Class were subject to the same pay policies and practices of Defendant;

g. Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per delivery; and

i. Plaintiff and the Class were paid at or near Ohio minimum wage before deducting unreimbursed business expenses.

40. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class.

41. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

42. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

43. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent

adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

**Count I: Violation of the Fair Labor Standards Act of 1938**

44. Plaintiff reasserts and re-alleges the allegations set forth above.

45. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

46. Defendant is subject to the FLSA's minimum wage requirements because it constitutes and operates an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

47. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

48. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated persons.

49. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

50. As alleged herein, Defendant has reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

51. Defendant knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

52. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated persons.

53. Plaintiff and all similarly situated persons are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendant's stores.

54. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

55. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated persons are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant are not liable for liquidated damages, Plaintiff and all similarly situated persons are entitled to an award of prejudgment interest at the applicable legal rate.

56. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated persons. Accordingly, Defendant are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**Count II: Violations of Ohio Minimum Wage Law**

57. Plaintiff reasserts and re-alleges the allegations set forth above.

58. At all relevant times, Defendant has been and continue to be "employer[s]" within the meaning of the Ohio Const. Art. II, § 34a and R. C. 4111.01 *et. seq*.

59. At all relevant times, Defendant has employed, and continue to employ, employees, including Plaintiff, for services within the meaning of within the meaning of the Ohio Const. Art. II § 34a. Accordingly, employees are entitled to be paid at least minimum wage for all hours worked in each workweek. Ohio Const. Art. II, § 34a and R. C. 4111.01 *et. seq*..

60. Pursuant to the Ohio Constitution and Revised Code, the Defendant was required to pay Plaintiff and the Putative Plaintiffs reasonable and non-oppressive wages, when due, for all hours of work at hourly rates which exceeded the minimum wage rate under the FLSA on their regular pay date. Ohio Const. Art. II § 34a; R.C. 4111.01 *et. seq.* R.C. 4113.15.

61. Defendant was required to provide employees with advanced notice for wage deductions permissible by and in compliance with Ohio Wage Law.

62. Defendant failed to pay Plaintiff and the Putative Plaintiffs reimbursements for travel expenses causing employees' wages to be oppressive and unreasonable under the Ohio Constitution, and thus failed to comply with the Ohio Constitution, applicable statute(s) and accompanying administrative codes. Ohio Const. Article II, Section 34a; R. C. 4111.01 *et. seq*., R.C. 4113.15.

63. The foregoing conduct, as alleged, constitutes willful violations of Ohio Wage Law. Ohio Const. Art. II § 34a; R. C. 4111.01 *et. seq*., R.C. 4113.15.

64. As set forth above, the Plaintiff and the Putative Plaintiffs have sustained losses and lost compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff on

behalf of himself and the Putative Plaintiffs, seek damages in the amount of their unpaid earned compensation, liquidated damages, plus interest from the date each amount came due as provided by the Ohio Constitution. Ohio Const. Art. II § 34a; R.C. §§4111.14(J)-(K).

65. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under Ohio Wage Law and the FLSA, thereby violating, and continuing to violate, Ohio Wage Law.

66. Plaintiff, on behalf of himself and the Putative Plaintiffs, seek recovery of his attorneys' fees as provided by the Ohio Const. Art. II § 34a.

**Count III: Unjust Enrichment / *Quantum Meruit***

67. Plaintiff reasserts and re-alleges the allegations set forth above.

68. Plaintiff conferred a benefit upon Defendant by working on its behalf without compensation.

69. Defendant had an appreciation or knowledge of the benefit conferred by Plaintiff.

70. Defendant accepted and retained the benefit under such circumstances as to make it inequitable for Defendant to retain the benefit without payment of its value.

71. Because Plaintiff and Defendant entered into no contractual relationship, Plaintiff has no contractual or other avenues for redress of his claim.

72. Plaintiff, on behalf of himself and the Putative Plaintiffs, seeks recovery from Defendant's unjust enrichment for himself and other class members.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as

provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

DATED: November 10, 2020

Respectfully submitted,

*/s/ Alyson Beridon*
Alyson Beridon (#87496)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
2315 Walnut St. Suite 2315
Cincinnati, Ohio 45202
Telephone: (513) 31-2224
Facsimile: (615) 255-5419
Email: alysonb@bsjfirm.com

Joe P. Leniski, Jr.* (TN BPR#022891)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
Email: joeyl@bsjfirm.com

**pro hac vice* forthcoming